**Dated: April 09, 2010**
**The following is ORDERED:**



_____
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

NOT FOR PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In Re:

**FASTECH PRODUCTION, LLC**             Case No. 09-82175-TRC
                                                    Chapter 7

     **Debtor.**

### ORDER DENYING MOTION TO DISMISS

On the 10th day of March, 2010, there came on for hearing before this Court the Motion to Dismiss of Creditor and Party-in-Interest International Opportunity Consultants (Docket Entry 21), with Objection filed by Trustee Chuck Greenough (Docket Entry 30), and Objection filed by the Debtor (Docket Entry 31). Appearances were entered by Philip Hixon for International Opportunity Consultants, Bruce Klein for Debtor, Chapter 7 Trustee Chuck Greenough, and Receiver David Rhoades. This Court has jurisdiction of this core proceeding. This Order constitutes the Court's findings of fact and conclusions of law consistent with Fed. R. Bankr. P. 7052. After hearing the arguments of counsel and reviewing the Motion and Objections, this Court determines that the

Motion to Dismiss should be denied.[1]

I.   **Relevant Facts.**

The relevant facts that this Court presumes as true for the purpose of this Motion are summarized as follows:

Debtor filed this bankruptcy on December 14, 2009. According to the Affidavit of David McDowell (Docket Entry 13), on December 2, 2009, the members of Debtor directed Mr. McDowell to file a Chapter 7 bankruptcy petition for Debtor. Mr. McDowell's Affidavit states that he holds the majority of the membership rights in the Debtor limited liability company. Trustee has filed an adversary proceeding against Mr. McDowell to recover preferential transfers allegedly made to McDowell from a related debtor, Fastech, LLC.[2]

Prior to the filing of this Chapter 7 case, IOC filed suit against Debtor and several related companies and individuals on May 27, 2009, in the U.S. District Court for the Eastern District of Oklahoma, Case No. 09-cv-00204-RAW. Debtor filed a counterclaim against IOC, and several crossclaims were filed. On December 7, 2009, after the decision to file bankruptcy was made but before the bankruptcy was actually filed, the District Court appointed David Rhoades as the receiver ("Receiver") for Debtor, Fastech, LLC, and HydroTech, LLC ("Receivership Entities") pursuant to its diversity jurisdiction. The order appointing the receiver ("District Court Order") stated that the Receiver was "to take exclusive control of and manage the ethanol production plants . . . , business, and operations of [the Receivership Entities], and is authorized to obtain access to all property

---

[1] An Order Denying IOC's Motion to Dismiss shall be entered in each of the three related Chapter 7 cases.

[2] The adversary is Case No. 10-8013-TRC, filed in connection with the bankruptcy of Fastech, LLC, Case No. 09-82174-TRC.

related thereto." The order removes individuals associated with the Receivership Entities from the management or supervision of the ethanol production plants or business operations and enjoins them from interfering with the Receiver's right to possess or manage the operation of the plants and property of the Receivership Entities. The Trustee represented to the Court that Mr. Rhoades had not obtained possession of any of Debtor's property prior to the filing of the bankruptcy petitions.

## II.     Contentions of the Parties.

Movant International Opportunity Consultants ("IOC") moves to dismiss this bankruptcy for three reasons: 1) the terms of the District Court Order; 2) 11 U.S.C. § 305(a); and 3) 11 U.S.C. § 707(a).[3] As for the District Court Order, IOC argues that the Debtor had no authority to file bankruptcy because the District Court Order appointing Mr. Rhoades ousted the management of the Receivership Entities and vested complete power and authority over the entities in Mr. Rhoades. IOC interprets the District Court Order as prohibiting anyone affiliated with the Receivership Entities from filing bankruptcy, while reserving that power to Mr. Rhoades. Trustee and Debtor argue that the District Court Order is not as far-reaching as IOC believes, and that Debtor's members, managers and partners were simply removed from the management of and daily business operations of the facilities and property owned by the Receivership Entities. Trustee and Debtor also distinguish the cases cited by IOC in support of its position that Debtor's members were without authority to file bankruptcy once a receiver was appointed.

IOC also seeks dismissal pursuant to § 305(a), alleging that dismissal would better serve the interests of the creditors and the Debtor. Relying upon *In re Fax Station*, 118 B.R. 176, 177 (D.R.I.

---

[3]IOC filed virtually identical motions in the bankruptcy cases of the other Receivership Entities: Fastech, LLC (09-82174-TRC) and HydroTech Enterprises, LP (09-82179-TRC).

1990), IOC cites seven factors to consider regarding dismissals, each of which IOC believes support dismissal: 1) economy and efficiency of administration; 2) whether another forum is available to protect the interests of both parties; 3) whether bankruptcy is a necessary proceeding to achieve an equitable solution; 4) whether there is an alternative means to equitably distribute assets; 5) whether the parties are able to agree on a better and less expensive resolution of the issues out of court; 6) whether the receivership has proceeded sufficiently that beginning the bankruptcy process would be costly and time-consuming; and 7) the purpose for seeking bankruptcy protection. Trustee and Debtor argue that only one creditor will be served by dismissal: IOC. Trustee states that he has greater powers of investigation and avoidance under the Bankruptcy Code, can more efficiently sell assets, and will make a substantial distribution to all creditors, not just to IOC.

Finally, IOC argues that Debtor filed this case in bad faith, which is cause for dismissal under § 707(a). It states that Debtor is taking refuge from the District Court by filing bankruptcy without justification, that there are no nonexempt assets available to creditors in bankruptcy, and that Debtor will likely escape any investigation or administration in bankruptcy. Trustee argues that Debtor's intent is irrelevant, and that the filing of a Chapter 7 resulted in an immediate appointment of a trustee, unlike a Chapter 11 where a debtor in possession retains possession and control of assets. Trustee states that he has already begun investigation of Debtor, its assets and its business dealings, has identified significant assets available to pay creditors, and has filed an adversary proceeding to avoid a preferential transfer made to Mr. McDowell. Debtor argues that it is a limited liability company with different results in a Chapter 7 case than for an individual debtor, and that the filing of a Chapter 7 case is a surrender to its creditors, which does not indicate bad faith.

**III. Conclusions of Law.**

    **A.    Effect of District Court Order.**

The Court agrees with the position of Trustee and Debtor that the District Court Order did not bar the Debtor from filing bankruptcy. When read as a whole, the District Court Order provides that the Receiver's main duty is to take control of and operate the facilities and property owned by the Receivership Entities. The individuals affiliated with the Receivership Entities are enjoined from disturbing Mr. Rhoades' right to manage and operate the facilities and property and his access to business records. The Court does not read the Order as prohibiting or enjoining Mr. McDowell or any other member, officer, director, or partner of the Receivership Entities from filing bankruptcy.

Federal court receiverships rarely bar bankruptcy filings. *See United States v. Royal Business Funds Corp.,* 29 B.R. 777, 779 (S.D.N.Y. 1983), *aff'd* 724 F.2d 12 (2d Cir. 1983); *Jordan v. Independent Energy Corp.*, 446 F. Supp. 526 (N.D. Tex. 1978); *In re Republic Trust & Sav. Co.*, 59 B.R. 606, 614 (Bankr. N.D. Okla. 1986) (availability of State or Federal procedure for liquidation no matter what its terms does not render an entity ineligible for bankruptcy relief). The Bankruptcy Code, pursuant to 11 U.S.C. § 543(b), clearly contemplates that debtors may file bankruptcy after a state or federal court has appointed a receiver. The cases cited by IOC involve receiverships that were specifically authorized or required by federal law or brought by a governmental agency. In those situations, it is understandable that a federal receivership might preclude the filing of a bankruptcy. However, this is not the situation presented in this case since the Receivership Entities were not placed in receivership by a governmental agency, or pursuant to a specific federal statute authorizing or requiring a receivership. Therefore, this Court finds that the District Court Order does not prevent the Debtor from filing bankruptcy.

Case 09-82175    Doc 37    Filed 04/09/10    Entered 04/09/10 13:35:47    Desc Main
Document      Page 5 of 8

B.     Abstention or Dismissal pursuant to § 305(a).

Section 305(a) provides that dismissal is warranted if it is in the best interest of both the creditors and the debtor. The legislative history of this section indicates that Congress recognized that there may be some situations in which creditors and debtors would be better served outside of bankruptcy, such as when a settlement agreement has previously been reached but a few dissident creditors commence an involuntary case. *See* S. Rep. 95-989, 95th Cong., 2d Sess. 35 (1978). As movant, IOC bears the burden of establishing that dismissal will benefit debtor and its creditors. The Court finds that it has not met that burden in this case.

Dismissal under this section depends upon the particular facts of this case. *In re Spade*, 258 B.R. 221, 231 (Bankr. D. Colo. 2001). Although the seven factors cited by IOC are helpful, many overlap and do not appear to require equal weight. In considering these factors, the Court finds that bankruptcy would result in a more equitable distribution of assets among the creditors. The only creditor to urge dismissal of this bankruptcy is IOC. As Trustee explained, no creditors other than IOC were parties to the Federal District Court action, therefore it is likely that only IOC would benefit from the receivership. In bankruptcy, however, it is likely that more creditors than just IOC would benefit. Trustee is bound to investigate claims of all creditors and make a distribution if warranted. Because Mr. Rhoades had not taken control of any of Debtor's assets prior to bankruptcy, and had only been appointed for a few days before the bankruptcy was filed, little time or money has been expended in the receivership. Little, if any, duplication of effort or costs would occur by keeping this case in bankruptcy court. Trustee possesses more powers than the Receiver to investigate and pursue avoidance and fraudulent transfer claims. He has already conducted the 341 Meeting of Creditors, identified and located assets and potential claims on behalf of the bankruptcy

estate, and commenced an adversary proceeding against Mr. McDowell. Therefore, this Court finds that neither dismissal nor abstention is warranted under § 305(a).

### C. Dismissal pursuant to § 707(a).

Courts may dismiss a Chapter 7 petition for "cause," pursuant to § 707(a), under certain circumstances such as the three examples outlined in the statute: debtor's unreasonable delay that prejudices creditors, debtor's nonpayment of fees, or on motion of the United States for failure to file certain required information. IOC argues that Debtor filed this case in bad faith, which gives this Court cause to dismiss the case.

Courts have substantial discretion in deciding a motion to dismiss. This Court agrees that in some circumstances, a bankruptcy filing may be in bad faith and support dismissal where a debtor abuses the processes of the Bankruptcy Code. However, this case does not appear to present such a situation. Although it may be true that Debtor sought the protection of this Court to avoid the process of a particular creditor, IOC, and the federal receivership, avoidance of a collection effort does not establish bad faith or cause to dismiss. *See In re Kane & Kane*, 406 B.R. 163, 167 (Bankr. S.D. Fla. 2009) (citing *In re Tallman*, 397 B.R. 451 (Bankr. N.D. Ind. 2008)). Debtor has filed a liquidation bankruptcy, not a reorganization, so it is unlikely that Debtor will obtain some advantage in bankruptcy not present in a receivership. Debtor is not entitled to a discharge since it is not an individual, 11 U.S.C. § 727(a)(1), nor can it claim exemptions under § 522. A debtor's powers and duties in a Chapter 7 differ significantly from those in a Chapter 11 or 13. *See Kane & Kane*, 406 B.R. at 167. The processes of a Chapter 7 bankruptcy are similar to those of a receivership since a trustee assumes control over the assets of the debtor. At the very least, a Chapter 7 will yield similar results to a receivership for Debtor, while yielding better results for all creditors. Therefore,

it does not appear to this Court that Debtor filed this case in bad faith or as an abuse of process sufficient to warrant dismissal.

For the above and foregoing reasons, this Court finds that cause for dismissal does not exist.

## IV. Order of the Court

IT IS THEREFORE ORDERED that the Motion to Dismiss filed by Creditor International Opportunity Consultants (Docket Entry 21) is **denied.**

###